MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CV-02259-KJM-CKD |
| Plaintiff, | |
| v. | STIPULATION AND ORDER RE INTERLOCUTORY SALE OF REAL PROPERTIES |
| REAL PROPERTY LOCATED AT 6340 LOGAN STREET, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 038-0251-017-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 1735 ITASCA AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 225-1080-022-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 9501 JEFFCOTT ROAD, WILTON, CALIFORNIA, SACRAMENTO COUNTY, APN: 136-0060-060-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7918 and 7920 68TH AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 051-0354-011-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 6945 NOVA PARKWAY, SACRAMENTO, | |

1
Stipulation and Order re: Interocutory Sale of Real Properties

| | |
|---|---|
| 1<br>2 | CALIFORNIA, SACRAMENTO COUNTY, APN: 042-0091-001-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and |
| 3<br>4<br>5<br>6 | REAL PROPERTY LOCATED AT 8982 ELDER CREEK ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 064-0033-031-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 7 | Defendants. |

The United States of America, claimants LEONARD YANG ("YANG") and CHUI QIANG LIU ("LIU") (collectively, "Claimants"), and lienholders NORTHERN CALIFORNIA MORTGAGE FUND IX, LLC, A DELAWARE LIMITED LIABILITY COMPANY ("NCMF") and FJM PRIVATE MORTGAGE FUND, LLC, A CALIFORNIA LIMITED LIABILITY COMPANY ("FJM") (collectively, "Lienholders"), agree and stipulate as follows:

1. The defendant properties subject to this Stipulation are as follows (collectively, the "Subject Properties"):

    a. Real Property located at 6340 Logan Street, Sacramento, California, Sacramento County, APN: 038-0251-017-0000, including all appurtenances and improvements thereto, a legal description of which is set forth in **Exhibit A** attached hereto and incorporated herein by reference ("Logan Property")

    b. Real property located at 1735 Itasca Avenue, Sacramento, California 95835, APN: 225-1080-022-0000, including all appurtenances and improvements thereto, a legal description of which is set forth in **Exhibit B** attached hereto and incorporated herein by reference ("Itasca Property");

    c. Real property located at 9501 Jeffcott Road, Wilton, California 95693, APN: 136-0060-060-0000, including all appurtenances and improvements thereto, a legal description of which is set forth in **Exhibit C** attached hereto and incorporated herein by reference ("Jeffcott Property"); and

    d. Real property located at 7918-7920 68th Avenue, Sacramento, California 95828, APN: 051-0354-011-0000, including all appurtenances and improvements thereto, a legal description of

which is set forth in **Exhibit D** attached hereto and incorporated herein by reference ("LIU Property").

2. On September 22, 2016, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Complaint") alleging that the Subject Properties, including any right, title and interest in the whole of any lot or tract of land and any appurtenances or improvements thereon, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7) because it was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 et seq.

3. The recorded owner of the Logan Property, Itasca Property, and Jeffcott Property is YANG. The recorded owner of the LIU PROPERTY above is LIU.

4. Beginning on October 25, 2016, for at least 30 consecutive days, the United States published a Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on November 25, 2016.

5. On October 27, 2016, NCMF filed a claim in this action alleging a lien holder interest in the LIU Property.

6. On October 27, 2016, FJM filed a claim in this action alleging a lien holder interest in the Logan Property, Itasca Property, and Jeffcott Property.

7. On November 3, 2016, YANG filed an answer in this action. On November 18, 2016, YANG filed a claim in this action alleging an ownership interest in Logan Property, Itasca Property, and Jeffcott Property.

8. On November 3, 2016, LIU filed an answer in this action. On November 18, 2016, LIU filed a claim in this action alleging an ownership interest in the LIU Property.

9. No other parties have filed claims or answers in this matter *as to the* Subject Properties, and the time in which any person or entity may file a claim and answer has expired.

10. The parties herein agree the proposed sale of the Subject Properties shall proceed pursuant to paragraphs 11 through 37 of this Stipulation.

11. The parties agree: (a) NCMF (or its designee) shall be authorized to sell the LIU Property in accordance with the terms and conditions of this Stipulation; and (b) FJM (or its designee) shall be authorized to sell Logan Property, Itasca Property, and Jeffcott Property in accordance with the terms and

conditions of this Stipulation.

12. Upon entry of an order granting this Stipulation, Lienholders (or a designee thereof) shall list the Subject Properties for sale and shall have sole power and authority, other than review and approval by the United States Attorney's Office to: (a) select the means of sale, including sale by internet or through a licensed real estate broker, and (b) market and sell the Subject Properties. Lienholder's request for the United States Attorney's Office approval shall be made by e-mail to kevin.khasigian@usdoj.gov and shall not be unreasonably delayed or withheld. In the event the United States Attorney's Office fails to approve or disapprove Lienholder's request for approval within 48 hours of the request being made, said request for approval shall be deemed automatically approved.

13. Lienholders shall have no obligation to make any repair, perform any maintenance, insure, or construct or install any alteration, addition, modification, and/or improvement (collectively, "Improvements") to the Subject Properties. Lienholders may repair, perform any maintenance, procure any necessary insurances, or construct or install any Improvements to the Subject Properties in any manner it chooses and in its sole and absolute discretion.

14. Claimants hereby irrevocably appoint Louis Bardis, on behalf of Lienholders, as their respective true and lawful attorney-in-fact to rehab, repair, market, and sell the Subject Properties pursuant to the terms and conditions of this Stipulation for and on behalf of and in the name of Claimants and agree to execute a limited power of attorney and any other instrument reasonably requested by Lienholders to evidence such appointment or necessary to reappoint Lienholders as such attorney-in-fact upon any termination of the appointment, including any instruments required by title or escrow officers and companies. The Claimants hereby ratify and confirm all that the Lienholders shall do, or cause to be done, by virtue of this Stipulation.

15. Lienholders and Claimants shall instruct the escrow officer to wire all of the net proceeds from the sale of the Subject Properties to the U.S. Marshals Service and to contact the U.S. Attorney's Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

16. The net proceeds from the sale of the Subject Properties will include all money realized from the sale of the Subject Properties, except for the following:

        a.    costs of purchase and sale, defined as the closing costs associated and incidental to the purchase and sale of the Subject Properties, including but not limited to, commissions, finders' fees, appraisers fees, pest control costs, excise, transfer, or other taxes incurred by the seller in connection with the disposition of the Subject Properties, recording fees, title insurance premiums, escrow and title fees, legal fees, notary fees, and survey costs and expenses;

        b.    Any outstanding indebtedness and amounts owed to Lienholders that is secured against the Subject Properties ("Mortgage Indebtedness"); provided, however, the parties agree that: (a) the principal balance of the Mortgage Indebtedness shall be released outright to Lienholders at close of escrow of the applicable property; and (b) any accrued and unpaid interest on the principal, late fees, penalties, liquidated damages, attorneys' fees, and costs in connection therewith due and owing as of closings of the applicable property ("Ancillary Fees") will be transferred to a government-controlled escrow account to be resolved by the Lienholders and the United States of America upon the closing of the purchase and sale of all of the Subject Properties; provided further that the parties agree the Lienholders, by entering into this Stipulation, do not waive, relinquish, or release any right, title, interest, or claim in or to the Ancillary Fees;

        c.    Amounts due to the holder of any valid lien which was recorded prior to the time the United States' Lis Pendens were recorded;

        d.    Real estate property taxes which are due and owing;

        e.    Lienholder's insurance costs, if any; and

        f.    Commercially reasonable and actual costs and expenses incurred by Lienholders to repair or maintain the Subject Properties prior to the sale of the same, or construct or install any Improvements at the Subject Properties that are intended to increase the fair market value of the property.

17. The United States will receive the remaining net proceeds from the sale of the Subject Properties. All right, title, and interest in said funds shall be substituted for the Subject Properties and forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

18. All of the net proceeds from the sale of the Subject Properties shall be wired to the U.S.

Marshals Service, at the close of escrow, to be deposited in the Seized Asset Deposit Fund. Said proceeds will be substituted as the *res* in this action and held pending further order of the Court.

19. Prior to the close of escrow of the Subject Properties, the United States shall record a withdrawal of lis pendens against the Subject Properties.

20. Subject to the terms of this Stipulation, Claimants shall retain custody, control, and responsibility of the Subject Properties until the interlocutory sale that is the subject of this Stipulation has been completed.

21. Claimants shall not take an action or cause any other person to take any action, to damage or modify the Subject Properties from their present condition or other action that may result in a reduction in value of the Subject Properties.

22. Subject to Lienholders' rights under this Stipulation, Claimants shall maintain the Subject Properties in the same condition and repair as existed as of the date of the posting, normal wear and tear excepted, until their custody, control and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the properties clean and performing such necessary sanitation and waste removal; keeping the properties in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

23. Claimants shall maintain all insurance policies currently in effect with respect to the Subject Properties, including hazard insurance to cover all buildings and other improvements that are now located on the properties until the interlocutory sale is completed. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said properties and for property damage to the defendant properties.

24. Except as specifically provided herein, Claimants shall not convey, transfer, encumber, lien, or otherwise pledge the Subject Properties without the prior, written approval of the United States and the Lienholders.

25. To facilitate the sale of the Subject Properties, Claimants shall remove all personal

6
Stipulation and Order re: Interocutory Sale of Real Properties

possessions and property, and the personal possessions and property of any former occupant, including, without limitation, any vehicles, furniture, and trash, and will leave the Subject Properties clean and in the same state of repair and condition as the Subject Properties were on the dates they were posted. Any and all of Claimants' personal possessions and property, and the personal possessions and property of any former occupant, not removed upon 72 hours' notice from NCMF or FJM shall be deemed abandoned and disposed of by the United States without further notice.

26. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the Subject Properties. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

27. Claimants hereby release the Lienholders and their respective shareholders, members, managers, directors, officers, employees, agents, and successors and assigns from any and all claims, liability, losses, and expenses (including attorneys' fees and costs), known or unknown, arising out of or in any way connected with the Mortgage Indebtedness or Lienholders' or their agents' repair, improvement, and/or sale of the Subject Properties pursuant to the terms of this Stipulation ("Released Matters"). This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of the Released Matters, as well as to those now known or disclosed. Claimants expressly acknowledge that Claimants have been advised to seek legal counsel concerning, and are familiar with, the provisions of California Civil Code § 1542, which provides that:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Claimants further acknowledge they may have sustained damage, loss, cost or expense that is presently unknown or unsuspected, and that such damage, loss, cost, or expense as may have been sustained may

give rise to additional damage, loss, cost, or expense in the future. Nevertheless, Claimants acknowledge that this Stipulation and release has been negotiated and agreed upon in light of this situation, and Claimants hereby expressly waive any and all rights that Claimants have under California Civil Code § 1542, or under any other state or federal statutes or common law principle of similar effect with respect to the Released Matters.

28. As of November 17, 2017, Claimants agree and acknowledge that Claimants owe the sums set forth in **Exhibit E** attached hereto to Lienholders, absolutely and unconditionally, without any defenses, set-offs, rights of recoupment, or deductions whether existing in law or in equity.

29. All parties will bear their own costs and attorneys' fees, if any.

30. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation, including grant deeds, purchase agreements, and documents required by any title insurer and escrow company.

31. Each person signing this Stipulation warrants and represents that he or she possess full authority to bind the party on whose behalf he or she is signing to the terms of the Stipulation.

32. Each party warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

33. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

34. Each party represents that he or she understands the content of this Stipulation and enters into it voluntarily, and has not been influenced by any person acting on behalf of any other party.

35. Pending the sale of the Subject Properties, and the disposition of the proceeds, this Court shall maintain jurisdiction to enforce the terms of this Stipulation.

36. The interlocutory sale of the Subject Properties, the substitution of the net sales proceeds in the civil case, and this Stipulation shall not affect any rights or remedies the parties may have to

litigate their claims to the properties.

37.   This Stipulation may be executed in one or more counterparts, each of which shall be deemed an original and all of which shall be taken together and deemed to be one instrument. This Stipulation may also be executed and delivered by facsimile signature, PDF, or any electronic signature complying with the U.S. federal ESIGN Act of 2000 (e.g., www.docusign.com).

IT IS SO STIPULATED

Dated:   1/4/2018         MCGREGOR W. SCOTT
                          United States Attorney

                    By:   /s/ Kevin C. Khasigian
                          KEVIN C. KHASIGIAN
                          Assistant U.S. Attorney


                          MURPHY PEARSON BRADLEY & FEENEY, P.C.


Dated:   11/25/17          /s/ Thomas P. Mazzucco
                          Thomas P. Mazzucco
                          Attorney for NORTHERN CALIFORNIA MORTGAGE
                          FUND IX, LLC and FJM PRIVATE MORTGAGE FUND,
                          LLC

Dated: 12/28/2017  /s/ Leonard Yang
LEONARD YANG
Claimant

### ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Ohio )
)
County of Franklin )

On 12-28-17, before me, Sara Shaw, Notary Public, personally appeared Leonard Yang, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

SARA SHAW
Notary Public
In and for the State of Ohio
My Commission Expires May 1, 2021

Signature /s/ Sara Shaw

Dated: 12-28-2017  /s/ Anh V. Nguyen
ANH V. NGUYEN
Attorney for Claimant Leonard Yang

1
Stipulation and Order re: Interocutory Sale of Real Properties

Dated: Dec 26, 2017    /s/ Chui Qian Liu
CHUI QIANG LIU
Claimant

## ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Pennsylvania           )
                                )
County of Philadelphia          )

On Dec 26, 2017, before me, Yan H. Zheng , Notary Public, personally appeared Chui Qiang Liu, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he/she executed the same in his/her authorized capacity, and that by his/her signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of Pennsylvania that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

COMMONWEALTH OF PENNSYLVANIA

NOTARIAL SEAL
YAH H. ZHENG, Notary Public
Commission #2145516
City of Philadelphia, Phila. County
My Commission Expires August 12, 2019

Dated:    12/26/17         /s/ Ernest Chen
ERNEST CHEN
Attorney for Claimant CHUI QIANG LIU

///

**ORDER FOR INTERLOCUTORY SALE**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation for interlocutory sale of the real properties is granted.

2. The real properties located at 6340 Logan Street, Sacramento, California, Sacramento County, APN: 038-0251-017-0000; 1735 Itasca Avenue, Sacramento, California, Sacramento County, APN: 225-1080-022-0000; 9501 Jeffcott Road, Wilton, California, Sacramento County, APN: 136-0060-060-0000; and 7918-7920 68th Avenue, Sacramento, California, Sacramento County, APN: 051-0354-011-0000, more fully described in Exhibits A-D below, will be sold under the terms set forth above.

3. The net proceeds from the sale of the real properties will be substituted as the *res* herein and held by the U.S. Marshal Service, pending further order of the Court.

IT IS SO ORDERED.

Dated: January 23, 2018.

_____
UNITED STATES DISTRICT JUDGE

# **EXHIBIT A**
6340 Logan Street, Sacramento, California

All that portion of Lot 15 if "South Sacramento Gardens", according to the Official Plat thereof, filed in the office of the Recorder of Sacramento County, California on August 7, 1913 in Book 14 of Maps, Map No. 40, described as follows:

Beginning at the point on the East line of said Lot 15, from which the Southeast corner thereof bears South 00°04'00" East 113.20 feet; thence from said point of beginning North 89°58'00" West 141.00 feet; thence North 00°04'00" West 50.00 feet; thence South 89°58'00" East 141.00 feet to a point on the East line of said Lot 15; thence along said East line of Lot 15 South 00°04'00" East 50.00 feet to the point of beginning.

Excepting therefrom:

An undivided ½ interest in and to all mineral rights as reserved in the deed dated July 30, 1945, recorded August 8, 1945 in Book 1154, Page 231, of the Official Records, executed by M.W. Lincecum and Freda Belle Lincecum, his wife to Dorothy E. Boyd.

APN: 038-0251-017-0000

## EXHIBIT B
1735 Itasca Avenue, Sacramento, California

LOT 22, AS SHOWN ON THAT CERTAIN MAP ENTITLED "PLAT OF NORTHPOINTE PARK UNIT NO.3", WHICH MAP WAS FILED FOR RECORD IN THE OFFICE OF THE SACRAMENTO COUNTY RECORDER, NOVEMBER 23, 1998, IN BOOK 255 OF MAPS, AS PAGE 11, RECORDS OF SAID COUNTY.

EXCEPTING THEREFROM ALL OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, INERT GASES, MINERALS AND METALS, LYING BELOW A DEPTH OF 500 FEET FROM THE SURFACE OF SAID LAND AND REAL PROPERTY, WHETHER NOW KNOW TO EXIST OR HEREINAFTER DISCOVERED, INCLUDING BUT NOT LIMITED TO THE RIGHT TO EXPLORE FOR, DEVELOP AND REMOVE SUCH OIL, GAS AND OTHER HYDROCARBON SUBSTANCES, INERT GASES, MINERALS AND METALS WITHOUT, HOWEVER ANY RIGHT TO USE THE SURFACE OF SUCH LAND AND REAL PROPERTY OR ANY OTHER PORTION THEREOF ABOVE A DEPTH OF 500 FEET FROM THE SURFACE OF SUCH LAND AND REAL PROPERTY FOR ANY PURPOSES WHATSOEVER.

APN: 225-1080-022-0000

# **EXHIBIT C**
9501 Jeffcott Road, Wilton, California

Parcel B, as shown on that certain Parcel Map entitled "Lots 577 and 578 Control California Traction Unit No. 7, Book 13 of Maps, Map No. 20", filed in the office of the Recorder of Sacramento County, in Book 98 of Parcel Maps, Page 24.

APN: 136-0060-060-0000

6
Stipulation and Order re: Interocutory Sale of Real Properties

# **EXHIBIT D**
7918-7920 68th Avenue, Sacramento, California

Lot 60 as shown on the Plat of Florin Duplex Village Unit No. 2, according to the Official Plat thereof, filed in the office of the Recorder of Sacramento County, California, on March 31, 1964, in Book 73 of Maps, Map No. 38.

APN: 051-0354-011-0000