MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-CV-02259-KJM-CKD |
| Plaintiff, | |
| v. | STIPULATION AND ORDER RE INTERLOCUTORY SALE OF REAL PROPERTY LOCATED AT 8982 ELDER CREEK ROAD |
| REAL PROPERTY LOCATED AT 6340 LOGAN STREET, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 038-0251-017-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 1735 ITASCA AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 225-1080-022-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 9501 JEFFCOTT ROAD, WILTON, CALIFORNIA, SACRAMENTO COUNTY, APN: 136-0060-060-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7918 and 7920 68TH AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 051-0354-011-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |

1

| | |
|---|---|
| 1<br>2<br>3 | REAL PROPERTY LOCATED AT 6945 NOVA PARKWAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 042-0091-001-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, and |
| 4<br>5<br>6<br>7 | REAL PROPERTY LOCATED AT 8982 ELDER CREEK ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 064-0033-031-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 8 | Defendants. |

The United States of America and claimants Xiahua Ouyang and lienholder Lone Oak Fund, LLC, agree and stipulate to the following interlocutory sale pursuant to Rule G(7) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

1. The defendant property subject to this stipulation is Real Property located at 8982 Elder Creek Road, Sacramento, California, Sacramento County, APN: 064-0033-031-0000, including all appurtenances and improvements thereto ("defendant property"), and more fully described as:

> The land described herein is situated in the State of California, County of Sacramento, unincorporated area, described as follows:
>
> PARCEL 1:
>
> ALL THAT PORTION OF THE NORTHWEST ONE-QUARTER OF SECTION 31, TOWNSHIP 8 NORTH, RANGE 6 EAST, M.D.B.&M., SACRAMENTO COUNTY, CALIFORNIA, DESCRIBED AS FOLLOWS;
>
> BEGINNING AT A POINT ON THE NORTH LINE OF SAID SECTION 31 AND THE CENTER LINE OF THAT 60 FOOT COUNTY ROAD KNOWN AS ELDER CREEK ROAD, LOCATED WEST 1875 FEET DISTANT FROM THE NORTHEAST CORNER OF THE NORTHWEST ON-QUARTER OF SAID SECTION 31; THENCE SOUTH 00°11'15" WEST 240 FEET; THENCE, EAST 180 FEET; THENCE NORTH 00°11'15" EAST 240 FEET TO A POINT ON THE NORTH LINE OF SAID SECTION 31; THENCE, ALONG THE NORTH LINE OF SAID SECTION 31, WEST 180 FEET TO THE POINT OF BEGINNING.
>
> PARCEL 2:
>
> A RIGHT OF WAY FOR ROAD PURPOSES OVER A STRIP OF LAND 20 FEET IN WIDTH, THE WEST LINE OF WHICH IS DESCRIBED AS BEING LOCATED WEST 1695.0 FEET DISTANT FROM THE ¼ SECTION CORNER COMMON TO SECTIONS 30 AND 31 IN TOWNSHIP 8 NORTH, RANGE 6 EAST AND RUNNING THENCE SOUTH 0°11'15" WEST 240 FEET.

2. On September 22, 2016, the United States filed a Verified Complaint for Forfeiture *In Rem* alleging that the defendant property, including any right, title and interest in the whole of any lot or tract of land and any appurtenances or improvements thereon, is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7) because it was used and intended to be used to commit or facilitate a violation of 21 U.S.C. §§ 841 et seq.

3. The recorded owner of the defendant real property is Xiahua Ouyang.

4. Beginning on October 25, 2016, for at least thirty consecutive days, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. A Declaration of Publication was filed on November 25, 2016.

5. On October 14, 2016, lien holder Lone Oak Fund, LLC filed a claim.

6. On November 18, 2016, Xiahua Ouyang filed a claim in this action and an answer on November 3, 2016 alleging an interest in the defendant real property.

7. No other parties have filed claims or answers in this matter as to the subject property, and the time in which any person or entity may file a claim and answer has expired.

8. The parties agree Xiahua Ouyang (or her designee) shall be authorized to sell the Elder Creek Property in accordance with the terms and conditions of this Stipulation pursuant to Paragraphs 9 through 18 below.

9. Upon entry of an order granting this Stipulation, claimant Xiahua Ouyang (or her designee) shall list the Elder Creek Property for sale and shall have sole power and authority, other than review and approval by the United States Attorney's Office to: (a) select the means of sale, including sale by internet or through a licensed real estate broker, and (b) market and sell the Elder Creek Property. Claimant Xiahua Ouyang (or her designee) request for the United States Attorney's Office approval shall be made by e-mail to kevin.khasigian@usdoj.gov and shall not be unreasonably delayed or withheld. In the event the United States Attorney's Office fails to approve or disapprove claimant Xiahua Ouyang's (or her designee) request for approval within 48 hours of the request being made, said request for approval shall be deemed automatically approved.

10. Lienholder and Claimant shall instruct the escrow officer to wire all of the net proceeds from the sale of the Elder Creek Property to the U.S. Marshals Service and to contact the U.S. Attorney's

Office, Asset Forfeiture Unit, to obtain specific wiring instructions.

11. The "net proceeds" from the sale of the defendant property will include all money realized from the sale of the defendant property, except for the following:

    a. Real estate commissions;

    b. Amounts due to the holder of any valid lien which was recorded prior to the time the United States' Lis Pendens was recorded, which includes Lone Oak Fund, LLC;

    c. Real estate property taxes which are due and owing;

    d. Insurance costs, if any;

    e. Title fees;

    f. Escrow fees and expenses; and

    g. County transfer taxes.

12. The United States will receive the remaining net proceeds from the sale of the defendant property. All right, title, and interest in said funds shall be substituted for the defendant property and forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

13. Claimant Xiahua Ouyang will retain custody, control, and responsibility of the defendant property until the interlocutory sale that is the subject of this Stipulation have been completed.

14. Each party to this Stipulation shall execute all documents and provide signatures necessary to close escrow, as required by the title company.

15. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the posting or sale of the defendant property. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said posting or sale, as well as to those now known or disclosed. The parties to this Stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

16. Claimant Xiahua Ouyang shall maintain the defendant property in the same condition and

repair as existed as of the date of the posting, normal wear and tear excepted, until the custody, control and responsibility have ceased. The term "maintain" shall include, but is not limited to, keeping the properties free of hazard and structural defects; keeping all heating, air conditioning, plumbing, electrical, gas, oil, or other power facilities in good working condition and repair; keeping the properties clean and performing such necessary sanitation and waste removal; keeping the properties in good condition by providing for lawn and yard maintenance; and other ordinary and necessary items of routine maintenance.

17. Claimant Xiahua Ouyang shall maintain all insurance policies currently in effect with respect to the defendant property, including hazard insurance to cover all buildings and other improvements that are now located on the properties until the interlocutory sale is completed. The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies, and liability to persons injured on said property and for property damage to the defendant property.

18. Except as specifically provided herein, claimant Xiahua Ouyang shall not convey, transfer, encumber, lien, or otherwise pledge the defendant property without the prior, written approval of the United States.

19. All parties are to bear their own costs and attorneys' fees in connection with the sale of the defendant property and the preparation of this stipulation. Except as so indicated, this provision is not intended as a waiver of claimants' right to seek fees upon resolution of the forfeiture action.

20. Pending the sale of the property, and the disposition of the proceeds, the Court shall maintain jurisdiction to enforce the terms of this stipulation.

21. The interlocutory sale of the defendant property, the substitution of the net sales proceeds in the civil case, and this stipulation shall not affect any rights or remedies the parties may have to litigate their claims to the property.

///

///

///

///

IT IS SO STIPULATED.

Dated:  2/8/2018                      MCGREGOR W. SCOTT
                                      United States Attorney

                              By:     /s/ Kevin C. Khasigian
                                      KEVIN C. KHASIGIAN
                                      Assistant U.S. Attorney


Dated:  11/27/17                       /s/ Simon Aron
                                      SIMON ARON
                                      Attorney for Lien Holder Lone Oak Fund, LLC


Dated:  11-29-2017                     /s/ Xiahua Ouyang
                                      XIAHUA OUYANG
                                      Claimant

## ACKNOWLEDGMENT

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of Georgia        )
                        )
County of Colquitt      )

On  11-29-17 , before me,  Samantha Burnette , Notary Public, personally appeared  Xiahua Ouyang , who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

|  |  |
|---|---|
| Signature /s/ Samantha Burnette<br>Exp. July 10th, 2020 | NOTORIAL STAMP<br>SAMANTHA BURNETTE<br><br>2017<br>COLQUITT COUNTY |


Dated:  11-29-2017                     /S/ Ernest Chen
                                      ERNEST CHEN
                                      Attorney for Claimant Xiahua Ouyang

## ORDER FOR INTERLOCUTORY SALE

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation re interlocutory sale of the real property is granted.

2. The real property located at 8982 Elder Creek Road, Sacramento, California, Sacramento County, APN: 064-0033-031-0000, more fully described above, will be sold pursuant to the terms set forth above.

3. The net proceeds from the sale of the real property will be substituted as the *res* herein and held by the U.S. Marshal Service, pending further order of the Court.

IT IS SO ORDERED.

DATED: March 9, 2018.

_____
UNITED STATES DISTRICT JUDGE