MCGREGOR W. SCOTT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16−CV−02259−KJM−CKD |
| Plaintiff, | |
| v. | STIPULATION FOR PARTIAL FINAL JUDGMENT OF FORFEITURE |
| REAL PROPERTY LOCATED AT 6340 LOGAN STREET, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 038-0251-017-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 1735 ITASCA AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 225-1080-022-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 9501 JEFFCOTT ROAD, WILTON, CALIFORNIA, SACRAMENTO COUNTY, APN: 136-0060-060-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |
| REAL PROPERTY LOCATED AT 7918 and 7920 68TH AVENUE, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 051-0354-011-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, | |

1

Stipulation For Partial Final
Judgment of Forfeiture

| | |
|---|---|
| 1<br>2<br>3 | REAL PROPERTY LOCATED AT 6945 NOVA PARKWAY, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 042-0091-001-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO,  and |
| 4<br>5<br>6<br>7 | REAL PROPERTY LOCATED AT 8982 ELDER CREEK ROAD, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 064-0033-031-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, |
| 8 | Defendants. |

The United States of America, claimants Leonard Yang ("Yang") and Chui Qiang Liu ("Liu") (collectively, "Claimants"), and lienholders Northern California Mortgage Fund IX, LLC, a Delaware Limited Liability Company ("NCMF") and FJM Private Mortgage Fund, LLC, a California Limited Liability Company ("FJM") (collectively, "Lienholders"), agree and stipulate as follows:

1. This stipulation involves the Final Judgment of Forfeiture as relates to four properties subject to forfeiture in this case ("Subject Properties").[1]  Those properties are:

   a. Real Property located at 6340 Logan Street, Sacramento, California, Sacramento County, APN: 038-0251-017-0000 ("Logan Property");

   b. Real property located at 1735 Itasca Avenue, Sacramento, California 95835, APN: 225-1080-022-0000 ("Itasca Property");

   c. Real property located at 9507 Jeffcott Road, Wilton, California 95693, APN: 136-0060-060-0000 ("Jeffcott Property"); and

   d. Real property located at 7918-7920 68th Avenue, Sacramento, California 95828, APN: 051-0354-011-0000 ("68th Avenue Property").

2. On September 22, 2016, the United States filed a Verified Complaint for Forfeiture *In Rem* ("Complaint") alleging that the defendant properties are subject to forfeiture to the United States based on their involvement in violations of federal drug laws.

3. Yang is the recorded owner of the Logan Property, Itasca Property, and Jeffcott Property. Liu is the recorded owner of the 68th Avenue Property.

---

[1] In total in this case, the United States seeks to forfeit six properties allegedly involved in marijuana trafficking. *See* Dkt. 1.

Stipulation For Partial Final
Judgment of Forfeiture

4. On October 27, 2016, NCMF filed a claim alleging a lien holder interest in 68th Avenue Property.

5. On October 27, 2016, FJM filed claims alleging a lien holder interest in the Logan Property, Itasca Property, and Jeffcott Property.

6. On November 18, 2016, Yang filed a claim in this action alleging an ownership interest in Logan Property, Itasca Property, and Jeffcott Property.

7. On November 18, 2016, LIU filed a claim in this action alleging an ownership interest in the Liu Property.

8. No other parties have filed claims in this matter as to the Subject Properties, and the time in which any person or entity may file a claim and answer has expired.

9. On January 24, 2018, the Court granted the parties' joint request to sell the Subject Properties pursuant to an Interlocutory Sales Order. *See* Dkt. 46. Pursuant to that Order, the Subject Properties were to be sold and the outstanding mortgage indebtedness for each property was to be retired at the close of escrow. *Id.* at ¶16(b). Any Ancillary Fees, defined as the accrued and unpaid interest on the principal, late fees, penalties, liquidated damages, attorneys' fees, and costs in connection with each property, were to be transferred to a government-controlled escrow account to be resolved by the Lienholders and the United States upon the sale of all of the Subject Properties. *Id.* The remaining net proceeds from the sale of the Subject Properties were to be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C). *Id.* at ¶17.

10. Pursuant to the Court's Order, the Subject Properties were sold in February and March 2018, resulting in Ancillary Fees of $335,266.11 and net equity of $54,136.69. The parties stipulate and agree the net equity from the Subject Properties shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

11. The Ancillary Fees are currently in a government-controlled escrow account and the parties agree and stipulate the Ancillary Fees should be distributed as follows:

    a. Upon the Court's entry of an order granting this Stipulation for Partial Final Judgment of Forfeiture, $135,266.11 of Ancillary Fees, together with any interest that may have accrued on the entire amount, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be

1 disposed of according to law.

    b. Upon the Court's entry of an order granting this Stipulation for Partial Final Judgment of Forfeiture, but no later than 30 days thereafter, $200,000.00 of the Ancillary Fees shall be returned to the Lienholders through their counsel of record.

    c. All parties to this Stipulation hereby release the United States and its servants, agents, and employees from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint, as well as those now known or disclosed. The parties to this stipulation waive the provisions of California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

    d. Notwithstanding anything contained herein to the contrary, the Parties agree that the release and waiver of California Civil Code § 1542 set forth in Section 11.c above shall not extend to any rights, title, interests, claims, losses, defenses, liability, costs (including attorneys' fees) or damages arising out of, related to, or otherwise in connection with: (i) Lienholder's interest in any real properties not the subject of this forfeiture action, including (without limitation) those real properties located at: (1) 4871 Watseka Way, Sacramento, California 95835; (2) 9717 Sutton Pointe Court, Elk Grove, California 95757; (3) 2429 Yreka Avenue, Sacramento, California 95822; (4) 4713 Laguna West Way, Elk Grove, California 95758; (5) 3433 Mas Amilos Way, Sacramento, Sacramento County, California 95835; (6) 7810 Elsie Avenue, Sacramento, Sacramento County, California 95828; (7) 2752 52nd Avenue, Sacramento, Sacramento County, California 95822; (8) 3433 La Cadena Way, Sacramento, Sacramento County, California 95835; (9) 7810 Elsie Avenue, Sacramento, Sacramento California; and (ii) any other legal proceeding or lawsuit, including (without limitation) U.S.A. v. Yang, et al., Case No. 2:16-CR-00189KJM, U.S.A. v. Real Property located at 2205 Meadowview Road, Sacramento, CA, et al., 2:18-cv-00812-KJM-CKD, U.S.A. v. Real Property Located at 8744 Vytina Drive, Elk Grove, CA, et al., Case

No. 2:18-cv-00825-KJM-CKD, U.S.A. v. Real Property Located at 6920 Kilconnel Drive, Elk Grove, CA, et al., Case No. 2:18-cv-00750-KJM-CKD.

  e. Potential claimant waives any and all claim or right to interest that may have accrued on the Ancillary Fees.

  f. Each party represents, and the parties agree, that no party substantially prevailed in this action within the meaning of 28 U.S.C. § 2465.

  g. Each party represents, and the parties agree, that there was probable cause for the commencement and prosecution of this forfeiture action, and that the Court should enter a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

  h. Nothing in this Stipulation shall be construed as an admission of liability, fault, or wrongdoing by any party.

  i. Each party shall bear his or her own costs and attorney's fees.

  j. The parties and their undersigned attorneys agree to execute and deliver such other and further documents as may be required to carry out the terms of this Stipulation.

  k. Each person signing this Stipulation warrants and represents that he or she possesses full authority to bind the party on whose behalf he is signing to the terms of the Stipulation.

  l. Each party warrants and represents that no promises, inducements, or other agreements not expressly contained herein have been made; that this Stipulation contains the entire agreement between the parties; and that the terms of this Stipulation are contractual and not mere recitals. All prior oral understandings, agreements, and writings are superseded by this Stipulation and are of no force or effect.

  m. Federal law requires the Department of the Treasury and other disbursing officials to offset Federal payments to collect delinquent tax and non-tax debts owed to the United States, and to individual states (including past-due child support). If an offset is made to the payment to be made to Claimant pursuant to this stipulation, Claimant will receive a notification from the Department of the Treasury at the last address Claimant provided to the government agency or entity to whom the offset payment is made. Claimant may contact the Treasury Department at 1-800-304-3107 to determine if this payment is subject to an offset.

n. This Stipulation may not be altered, amended, modified, or otherwise changed in any respect, except by a writing duly executed by the party to be charged.

o. Each party represents that he or she understands the content of this Stipulation and enters it voluntarily, and has not been influenced by any person acting on behalf of any other party.

p. Notwithstanding the entry of a Final Judgment of Forfeiture herein, the parties hereby stipulate that the U.S. District Court for the Eastern District of California, Hon. Kimberly J. Mueller, District Judge, shall retain jurisdiction to enforce the terms of this compromise settlement.

q. This Stipulation may be executed in two or more counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. Counterparts may be delivered via facsimile, electronic mail (including pdf or any electronic signature complying with the U.S. federal ESIGN Act of 2000, Uniform Electronic Transactions Act or other applicable law) or other transmission method, and any counterpart so delivered shall be deemed to have been duly and validly delivered and be valid and effective for all purposes.

IT IS SO STIPULATED.

Dated: 8/20/2018  
MCGREGOR W. SCOTT  
United States Attorney

By: /s/ Kevin C. Khasigian  
KEVIN C. KHASIGIAN  
Assistant U.S. Attorney

Dated: 8/20/2018  
/s/ Anh Van Nguyen  
ANH VAN NGUYEN  
Attorney for claimant Leonard Yang

Dated: 8/20/2018  
/s/ Ernest Chen  
ERNEST CHEN  
Attorney for claimant Chui Qiang Liu

Dated: 8/20/2018  
/s/ Thomas P. Mazzucco  
THOMAS P. MAZZUCCO  
Attorney for claimants Northern California Mortgage Fund IX and FJM Private Mortgage

**ORDER FOR PARTIAL FINAL JUDGMENT OF FORFEITURE**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. The stipulation regarding the Partial Final Judgment of Forfeiture is granted.

2. Upon entry of this order, $135,266.11 of Ancillary Fees, together with any interest that may have accrued on the entire amount, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

3. Upon entry of this order, but no later than 30 days thereafter, $200,000.00 of the Ancillary Fees shall be returned to the Lienholders through their counsel of record.

4. Upon entry of this order, $54,136.69 in net equity resulting from the sale of the defendant properties, together with any interest that may have accrued on that amount, shall be forfeited to the United States pursuant to 18 U.S.C. §§ 981(a)(1)(A) and (a)(1)(C), to be disposed of according to law.

DATED: September 13, 2018.

_____
UNITED STATES DISTRICT JUDGE

Stipulation For Partial Final
Judgment of Forfeiture