PHILLIP A. TALBERT
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>REAL PROPERTY LOCATED AT 6340 LOGAN STREET, SACRAMENTO, CALIFORNIA, SACRAMENTO COUNTY, APN: 038-0251-017-0000, INCLUDING ALL APPURTENANCES AND IMPROVEMENTS THERETO, ET AL.,<br><br>Defendants. | 2:16-CV-02259-KJM-CKD<br><br>FINAL JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Final Judgment of Forfeiture, the Court finds:

1.  This is a civil forfeiture action against six real properties[1], one of which is the real property located at 6945 Nova Parkway, Sacramento, California, Sacramento County, APN: 042-0091-001-0000 ("defendant property"), including all appurtenances and improvements thereto ("defendant property"), and more fully described as:

---

[1] Final Judgments of Forfeiture have been entered against the five other real properties in this case (ECF Nos. 55 and 79).

1

THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SACRAMENTO, UNICORPORATED AREA, AND IS DESCRIBED AS FOLLOWS:

LOT 1255, AS SHOWN ON THE PLAT OF PARKWAY ESTATES UNIT NO. 13, RECORDED IN BOOK 56 OF MAPS, MAP NO. 28, RECORDS OF SAID COUNTY.

The recorded owner of the real property is Kit Ping Li.

2. A Verified Complaint for Forfeiture *In Rem* ("Complaint") was filed on September 22, 2016, alleging that said defendant property is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(7).

3. On September 28, 2016, the defendant property was posted with a copy of the Complaint and Notice of Complaint.

4. Beginning October 25, 2016, the United States published Notice of the Forfeiture Action on the official internet government forfeiture site www.forfeiture.gov. The publication ran for at least 30 consecutive days. A Declaration of Publication was filed on November 25, 2016.

5. In addition to the public notice on the official internet government forfeiture site www.forfeiture.gov, actual notice or attempted notice was given to the following individual:

    a. Kit Ping Li

6. On November 1, 2016, the Clerk of the Court entered a Clerk's Certificate of Entry of Default against Kit Ping Li. Pursuant to Local Rule 540, the United States and claimant Liu thus join in a request that as part of this Final Judgment of Forfeiture, the Court enter a default judgment against the interest, if any, of Kit Ping Li without further notice.

7. On December 9, 2016, Megan Liu filed a Verified Claim stating she is the sole owner of this real property and an Answer to the Complaint.

8. No other parties have filed claims or answers in this matter, and the time in which any person or entity may file a claim and answer has expired.

9. Claimant Liu represented and warranted that she is the sole owner of the defendant property.

Based on the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

10. The Court adopts the Stipulation for Final Judgment of Forfeiture entered into by and between the parties to this action.

11. Judgment is hereby entered against claimant Megan Liu and all other potential claimants who have not filed claims in this action.

12. Upon entry of this Final Judgment of Forfeiture, claimant Liu shall pay $100,000.00 to the United States in lieu of forfeiting the defendant real property - the substitute *res*.  Claimant Liu shall pay $10,000.00 to the United States within twenty-one (21) days from filing of the settlement documents and shall have six months to pay the remaining $90,000.00 to the United States.  All right, title, and interest in the substitute *res* shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

13. The payments should be in the form of cashier's checks made payable to the U.S. Marshals Service, and sent to the U.S. Attorney's Office, Attn: Asset Forfeiture Unit, 501 I Street, Suite 10-100, Sacramento, CA 95814.

14. If claimant Liu is unable to pay the $100,000.00 to the United States within the time listed above claimant Liu will be deemed to be in default and the U.S. Marshals Service (or a designee) shall be authorized to list the defendant property for sale.  The U.S. Marshals Service shall have sole authority to select the means of sale, including sale by internet or through a licensed real estate broker, and shall have sole authority over the marketing and sale of the defendant property.

15. The U.S. Marshals Service shall have the defendant property appraised by a licensed appraiser of its choosing.  The U.S. Marshals Service and the appraiser may have access to the defendant property and structures, buildings, or storage sheds thereon upon 24 hours telephonic notice.

16. If necessary, the U.S. Marshals Service, and any real estate broker employed by the U.S. Marshals Service, shall have the right to put a "lock box" on the property to facilitate the marketing and sale of the defendant property.

17. The following costs, expenses and distributions shall be paid in escrow from the gross sales price in the following priority and to the extent funds are available:

    a. The costs incurred by the U.S. Marshals Service to the date of close of escrow, including the cost of posting, service, advertising, and maintenance.

        b.      Any unpaid real property taxes, which shall be prorated as of the date of the entry of this Final Judgment of Forfeiture.

        c.      A real estate commission not to exceed the U.S. Marshals Service contractual brokerage fee.

        d.      The seller shall pay any county transfer taxes.

        e.      The United States will receive $100,000.00 of the remaining net proceeds from the sale of the defendant property. All right, title, and interest in $100,000.00 of the remaining net proceeds shall be substituted for the defendant property and forfeited to the United States pursuant to 21 U.S.C. § 881(a)(7), to be disposed of according to law.

        f.      The remaining net proceeds, if any, shall be paid to claimant Liu through her attorney Mark Reichel.

18. Any liens or encumbrances against the defendant property that appear on record subsequent to the recording of plaintiff's *Lis Pendens* document on September 26, 2016, and prior to the close of escrow may be paid out of escrow. The United States may pay any such lien or encumbrance at its sole discretion.

19. The costs of a lender's policy of title insurance (ALTA policy) shall be paid for by the buyer.

20. All loan fees, "points" and other costs of obtaining financing shall be paid for by the buyer of the defendant property.

21. Each party shall execute all documents necessary to close escrow, if such signatures are required by the title company.

22. The United States and its servants, agents, and employees are released from any and all liability arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of or in any way connected with the filing of the Complaint and the posting of the defendant property with the Complaint and Notice of Complaint, as well as to those now known or disclosed. The parties waived the provisions of California Civil Code § 1542.

23. All parties are to bear their own costs and attorneys' fees, if any.

///

///

24. The U.S. District Court for the Eastern District of California, Hon. Kimberly J. Mueller, District Judge, shall retain jurisdiction to enforce the terms of this Final Judgment of Forfeiture.

SO ORDERED THIS 8th day of February, 2023.

_____
CHIEF UNITED STATES DISTRICT JUDGE